1  Lisa N. Neal (State Bar No. 205465)
   lneal@rutan.com
2  Damon Mircheff (State Bar No. 216257)
   dmircheff@rutan.com
3  Briana F. Richmond (State Bar No. 301824)
   brichmond@rutan.com
4  RUTAN & TUCKER, LLP
   611 Anton Boulevard, Suite 1400
5  Costa Mesa, California 92626-1931
   Telephone: 714-641-5100
6  Facsimile: 714-546-9035

7  Attorneys for Defendant, Cross-Claimant
   and Counterclaimant
8  FIRST AMERICAN TITLE INSURANCE COMPANY

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  GENERAL STAR INDEMNITY COMPANY, | Case No.: 3:20-cv-03210-TSH |
| 13              Plaintiff, | Honorable Thomas S. Hixson<br>Courtroom G |
| 14  vs. | **COUNTERCLAIMANT FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION FOR LEAVE TO SERVE COUNTERDEFENDANT MICHAEL VENUTA BY SERVICE ON VENUTA'S STATE COURT LEGAL COUNSEL MICHAEL HEALY** |
| 15  FIRST AMERICAN TITLE INSURANCE COMPANY OF NAPA; FIRST AMERICAN TITLE INSURANCE COMPANY; LISA MINI; IN THE VINES LLC; and MICHAEL VENUTA, | |
| 18              Defendants. | HEARING: |
| 19 | Date:  October 8, 2020<br>Time:  10:00 a.m.<br>Dept:  G |
| 20  AND RELATED COUNTERCLAIMS. | |
| 21 | Action Filed:  May 11, 2020<br>Trial Date:   TBD |

23

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

Rutan & Tucker, LLP
attorneys at law

793/034819-0472
15353980.3 a08/28/20                    -1-

MOTION FOR LEAVE TO SERVE
COUNTERDEFENDANT VENUTA VIA
SERVICE ON ATTORNEY OF RECORD

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE THAT** on October 8, 2020, at 10:00 a.m., or as soon thereafter as the matter may be heard in Department G of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Thomas S. Hixson, defendant and counterclaimant First American Title Insurance Company ("First American") will and hereby does move this Court for an order granting First American leave to serve counter-defendant Michael Venuta ("Venuta"), an American citizen and California resident currently living in Mexico, with the Summons and First American's Counterclaim through service on Venuta's attorney, Michael Healy, who represents Venuta in related California superior court actions pending in the Napa County Superior Court, and by service on the email address that evidence shows is an address actively used by Venuta. (mvenuta59@yahoo.com).

This Motion is made pursuant to Federal Rule of Civil Procedure 4(f)(3) and the Court's inherent powers, and is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the declaration of Damon Mircheff ("Mircheff Decl."), the Request for Judicial Notice ("RJN"), the pleadings on file in this action, and on such other matters presented to the Court at the time of the hearing.

Although Venuta has not appeared in this district court action and has no counsel of record in this district court action, First American has served this Notion of Motion, Motion and all supporting papers on Mr. Healy by email and Federal Express. (See Proof of Service being filed concurrently with this Notice of Motion and Motion.)

Dated: August 28, 2020            RUTAN & TUCKER, LLP

By: */s/ Damon Mircheff*
Damon Mircheff
Attorneys for Defendant, Cross-claimant and
Counterclaimant FIRST AMERICAN TITLE
INSURANCE COMPANY

Rutan & Tucker, LLP
attorneys at law

793/034819-0472
15353980.3 a08/28/20

-2-

MOTION FOR LEAVE TO SERVE
COUNTERDEFENDANT VENUTA VIA
SERVICE ON ATTORNEY OF RECORD

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION AND ARGUMENT SUMMARY ............................................. 1

II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ...................... 4

    A. Venuta and Mini seek to evade liability for the $675,000 balance on Venuta's 2005 loan secured by the Trancas Property in Napa ............................................................................ 4

    B. First American is forced to pay off the US Bank Loan to protect its insured after Mini And Venuta fail to pay off the loan ................................................................................................. 5

    C. FA Napa and Venuta file related lawsuits in the Napa County Superior Court arising from the 2017 Trancas Property sale transaction ..................................................................................... 6

    D. Venuta asks the Superior Court to order First American to participate in a settlement conference ................................................. 6

    E. Venuta declines to waive personal service of the summons on First American's Counterclaim ......................................................... 7

    F. Venuta emails directly with both Healy and counsel for General Star and First American regarding the Napa Superior Court Settlement Conference ............................................................ 7

III. FIRST AMERICAN SHOULD BE PERMITTED UNDER FRCP 4(f) TO SERVE VENUTA WITH ITS COUNTERCLAIM AND SUMMONS THROUGH SERVICE ON VENUTA'S COUNSEL HEALY ............................................................................................................... 8

    A. Federal Rule of Civil Procedure 4(f) empowers the court to order service on Venuta through his Napa Superior Court counsel Michael Healy ..................................................................... 8

        1. First American may seek court-ordered service via Rule 4(f)(3) without first attempting service through the Hague Convention ................................................................. 9

        2. Mexico's adoption of the Hague Convention does not prohibit service on a party's counsel in related litigation ................ 10

    B. Court-ordered service on Venuta's counsel comports with due process and is reasonably calculated to apprise Venuta of First American's Counterclaim and give him an opportunity to respond and be heard .......................................................................... 10

IV. CONCLUSION ................................................................................................... 12

Rutan & Tucker, LLP
attorneys at law

793/034819-0472
15353980.3 a08/28/20

-i-

MOTION FOR LEAVE TO SERVE
COUNTERDEFENDANT VENUTA VIA
SERVICE ON ATTORNEY OF RECORD

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*BP Prods. N. Am., Inc. v. Dagra*,
    232 F.R.D. 263 (E.D. Vir. 2005) .................................................................................. 11

*Forum Fin. Group v. President & Fellows of Harvard College*,
    199 F.R.D. 22 (D. Me. 2001) ................................................................................. 9, 11-12

*Microsoft Corp. v. Buy More, Inc.*,
    703 Fed. Appx. 476 (9th Cir. 2017) ............................................................................ 11

*Rio Props. v. Rio Int'l Interlink*,
    284 F.3d 1007 (9th Cir. 2002) ............................................................................. 1, 9-12

**RULES**

Federal Rules of Civil Procedure
    rule 4(f) ...................................................................................................................... 8-10
    rule 4(f)(1) .................................................................................................................... 9
    rule 4(f)(3) ........................................................................................................... 1, 3, 9-10

**TREATIES**

Hague Convention
    Article 10 .................................................................................................................... 10
    Article 10(a) ................................................................................................................ 10
    Article 10(b) ................................................................................................................ 10
    Article 10(c) ................................................................................................................ 10
    Article V ..................................................................................................................... 10

Rutan & Tucker, LLP
attorneys at law

793/034819-0472
15353980.3 a08/28/20

-ii-

MOTION FOR LEAVE TO SERVE
COUNTERDEFENDANT VENUTA VIA
SERVICE ON ATTORNEY OF RECORD

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND ARGUMENT SUMMARY.

Defendant, cross-claimant and counterclaimant First American Title Insurance Company ("First American") brings this Motion pursuant to Federal Rule of Civil Procedure 4(f)(3) for an order granting First American leave to serve counter-defendant Michael Venuta ("Venuta") with First American's Answer and Counterclaim (the "Counterclaim") and the summons thereon through service on Michael Healy ("Healy"), Venuta's attorney in related superior court actions pending before the Napa County Superior Court, and by service on the email address that recent evidence shows is an active email address used by Venuta.

Venuta is an American citizen and resident of Napa, California, who has been living in Mexico since the fall of 2019. (Mircheff Decl., ¶¶ 4, 7, Exs. 1 and 3; RJN, Ex. B, ¶ 9.) On July 27, 2020, a week after First American filed its Counterclaim, Venuta (through Healy) declined First American's request to waive service of the summons and counterclaim. (Mircheff decl., ¶ 6-7, Exs. 2-3.) Venuta's position left First American with two options for service: the costly, time-consuming process of personal service through the Hague Convention (assuming First American could obtain a good address for Venuta in Mexico), and this Motion. The facts here are exactly the type of situation for which FRCP 4(f)(3) was created. Healy's long-standing representation of Venuta in the related superior court actions pending in Napa County, Venuta's use of Healy for offensive steps against First American, and evidence of Healy's lines of communications with Venuta all establish that service on Healy is reasonably calculated to apprise Venuta of First American's Counterclaim, and to afford Venuta an opportunity to respond and present his position. (*Rio Props. v. Rio Int'l Interlink,* 284 F.3d 1007, 1016 (9th Cir. 2002).)

In January 2018, while living in Napa, California, Venuta filed a complaint in the Napa Superior Court against First American Title Company of Napa ("FA Napa"), his former romantic partner Lisa Mini ("Mini"), and Mini's company In The Vines, LLC ("Vines"). (RJN, Ex. A.) Venuta's complaint was based on the 2017 sale of a house in

Rutan & Tucker, LLP
attorneys at law

793/034819-0472
15353980.3 a08/28/20

-1-

MOTION FOR LEAVE TO SERVE
COUNTERDEFENDANT VENUTA VIA
SERVICE ON ATTORNEY OF RECORD

Napa located at 589 Trancas Street, Unit C, Napa, California (the "Trancas Property") that Venuta had owned and conveyed to Mini, and a series of concealments, breaches of contracts and mistakes by persons involved with the property, its sale, and the aftermath.

In September 2017, Mini/Vines sold the Trancas Property for about $2 million. FA Napa was the title company and escrow company for the transaction.[1] When the sale closed, $675,000 that should have been used to pay off the senior loan was disbursed to Mini/Vines – who had not disclosed the lien, and who then ran off with the money rather than returning it or paying off the loan. (See RJN, Ex. B, ¶¶ 1-6.) Despite the fact that Venuta was still the obligor on the loan, Venuta did not pay off the loan, and the lender initiated foreclosure in 2018. (See RJN, Ex. B., ¶¶ 1-6.) In August 2018, First American paid the loan balance pursuant to title insurance policies issued to the buyer/new owner and their lender. (Counterclaim, ¶ 101.)

These events spawned a series of lawsuits, all filed in the Napa Superior Court. In December 2017, FA Napa sued Mini and Vines to recover the $675,000. In January 2018 Venuta filed his related complaint against FA Napa, Mini and Vines for alleged damages caused by the non-payment of the loan. (RJN, Ex. A.) Venuta filed his First Amended Complaint in May 2018. (RJN, Ex. B.) The related actions were consolidated and are pending (the "Napa Superior Court Actions"). These events and subsequent events arising from the sale and the fallout are also foundational to the claims before this Court. (See Dkt. No. 1 [General Star Complaint]; Dkt. No. 21 [First American Answer and Counterclaim].)

Healy has represented Venuta in the Napa Superior Court Actions from the inception. Healy also has taken steps, on Venuta's behalf, to require First American and General Star Indemnity Company ("General Star") – who are not parties to the Napa Superior Court Actions – to participate in a settlement conference for the Napa Superior

---

[1] FA Napa is an independently-owned, underwritten title agent and escrow company based in Napa. FA Napa is not part of First American. FA Napa has a non-exclusive agency agreement with First American pursuant to which FA Napa may issue title insurance policies underwritten by First American.

Rutan & Tucker, LLP
attorneys at law

793/034819-0472
15353980.3 a08/28/20

-2-

MOTION FOR LEAVE TO SERVE
COUNTERDEFENDANT VENUTA VIA
SERVICE ON ATTORNEY OF RECORD

Court Actions. (Mircheff decl., ¶¶ 4, 9, Exs. 1, 4.)

Venuta rejected First American's request to waive personal service of the summons as to First American's Counterclaim. (Mircheff decl., ¶¶ 6-7, Exs. 2-3.) Venuta is a California resident but is, according to Healy, currently living in Mexico. (Mircheff decl., ¶¶ 4, 7, Exs. 1 and 3; RJN, Ex. B [Venuta FAC, ¶¶ 11, 17].) Mexico is a party to the Hague Service Convention, but it does not allow service by registered mail, instead requiring a written request for personal service of a summons to Mexico's Central Authority. (RJN, Exs. C [Hague Convention Articles] and D [Mexico's Stmt. re Adoption of Hague Convention].) Mexico itself estimates that this process can take 2-6 months – under non-COVID pandemic conditions. (RJN, Ex. D.)

Forcing First American to go through the many procedural steps and significant expense of making personal service of the summons on Venuta in Mexico will not have any practical due process benefit in providing more reliable notice to Venuta, but will assuredly increase costs and cause material delay that likely will negatively impact the progress of this litigation.

Federal Rule of Civil Procedure ("FRCP") 4(f)(3) authorizes this Court to order alternative methods of service that comport with due process – and this is exactly the kind of situation where an order allowing service by such alternative means is appropriate. Healy has been representing Venuta from the inception of the Napa Superior Court Actions and continues to do so; there also is convincing evidence that Venuta actively communicates with Healy by email. (Mircheff decl., ¶¶ 8-13, Exs. 4-8.) Venuta has even sought to deploy Healy as an offensive weapon against parties in this action, while hiding behind the Mexican border in declining to waive personal service.

This is, in short, exactly the type of situation where an order under FRCP 4(f)(3) is appropriate. Healy can easily and reliably provide the summons and Counterclaim to Venuta, assuring that Venuta has actual notice of First American's Counterclaim and an opportunity to appear and present his defenses – while avoiding a delay of this multi-party action. First American respectfully requests that this Court issue an order permitting First

Rutan & Tucker, LLP
attorneys at law

793/034819-0472
15353980.3 a08/28/20

-3-

MOTION FOR LEAVE TO SERVE
COUNTERDEFENDANT VENUTA VIA
SERVICE ON ATTORNEY OF RECORD

American to serve Venuta via service on Healy and, if the Court deems it warranted, by service to the email address recently used by Venuta.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND.

### A. Venuta and Mini seek to evade liability for the $675,000 balance on Venuta's 2005 loan secured by the Trancas Property in Napa.

In February 2005, Venuta borrowed some $1.3 million from Downey Savings and Bank ("Downey Bank"). (RJN, Ex. B, ¶¶ 1-2.) Venuta's loan was secured by a deed of trust recorded against the Trancas Property, which Venuta owned. (*Id.*) In 2007, Venuta conveyed the Trancas Property to Mini, his then romantic partner. Venuta also contends that he and Mini had an oral contract for Mini to assume the obligations on the Downey Bank loan. (*Id.*) But Venuta did not get Downey Bank's consent to "assign" the loan, and no document evidencing this claimed agreement with Mini was recorded, leaving Venuta the obligor on the Downey Bank loan, and leaving the deed of trust as a lien against the Trancas Property. (*Id.*, ¶¶ 1-2, 4.)

In 2015, Venuta's loan was assigned from Downey Bank to US Bank, and an assignment of the note and deed of trust in favor of US Bank was recorded. (RJN, Ex. B, ¶¶ 2, 4.) In or around August 2015, just before the assignment of Venuta's loan, Mini "conveyed" the Trancas Property to her company, Vines. (Counterclaim, ¶ 80.)

In 2017, Mini/Vines sold the Trancas Property to buyers Benjamin Pham ("Pham") and Patricia Evangelista ("Evangelista") (RJN Ex. B, ¶¶ 3, 10; Counterclaim, ¶¶ 82, 92.) The Purchase Agreement required Mini/Vines to disclose all monetary liens against the Trancas Property and to pay them off from the sale proceeds. (Counterclaim, ¶ 83.) Mini had been Venuta's partner when he took out the loan, was a real estate agent herself, and had seemingly been making the loan payments since 2007. But Mini did not disclose the loan to Pham/Evangelista or to FA Napa, the title and escrow company on the sale. Mini also did not did not instruct FA Napa to pay off the $675,000 balance of US Bank loan from the sale proceeds. Thus, on the closing, Mini/Vines received approximately $675,493 in sale proceeds that should have gone to pay off the US Bank loan.

Rutan & Tucker, LLP
attorneys at law

793/034819-0472
15353980.3 a08/28/20

-4-

MOTION FOR LEAVE TO SERVE
COUNTERDEFENDANT VENUTA VIA
SERVICE ON ATTORNEY OF RECORD

### B. First American is forced to pay off the US Bank Loan to protect its insured after Mini And Venuta fail to pay off the loan.

As part of the September 2017 sale and closing, FA Napa issued an owner's title insurance policy to Pham/Evangelista and a lender's title insurance policy to their lender, JP Morgan Chase Bank. First American was the underwriter for these policies.

FA Napa performed its own examination of the title in connection with these policies. FA Napa's title examiner apparently failed to realize the US Bank deed of trust was a senior lien against the Trancas Property, and in any event failed to include the US Bank deed of trust as an exception from coverage. (Counterclaim, ¶¶ 88-90.)

FA Napa learned in November 2017 that the US Bank deed of trust was a lien on title and that the US Bank loan had not been paid off. FA Napa attempted to recover the $675,493 from Mini/Vines. Mini refused to return the money or pay off the loan, and moved the money in a manner to make it hard to recover. In December 2017 FA Napa filed its Complaint against Mini/Vines and sought an injunction but did not recover much.

Later in 2018, US Bank served a notice of default. Pham/Evangelista and JP Morgan Bank tendered claims to First American on their respective title insurance policies. (Counterclaim, ¶¶ 99-100.) First American investigated the claims and determined there was coverage (or for JPMorgan, that there likely would be coverage if US Bank foreclosed).

In August 2018, First American paid US Bank $674,813.66 to satisfy the US Bank Loan. (Counterclaim, ¶ 101.) That payment resolved Pham/Evangelista's claim and JP Morgan Bank's claim. First American also demanded that FA Napa indemnify it for its loss due to FA Napa's negligence in examining title and preparing the Pham/Evangelista and JP Morgan Bank title insurance policies. (Counterclaim, ¶ 114.)

FA Napa disputed its obligation to First American, but nevertheless tendered First American's claim to FA Napa's professional errors and omissions carrier, General Star. First American's claim against FA Napa and FA Napa's tender to General Star are the subject of General Star's May 2020 Complaint for declaratory relief herein denying

Rutan & Tucker, LLP
attorneys at law

793/034819-0472
15353980.3 a08/28/20

-5-

MOTION FOR LEAVE TO SERVE
COUNTERDEFENDANT VENUTA VIA
SERVICE ON ATTORNEY OF RECORD

coverage based on defective notice defenses. (Dkt. No. 1.) General Star's Complaint included First American, Mini, Vines and Venuta as defendants. (*Id.*) General Star dismissed Venuta without prejudice in June 2020 – presumably communicating with Venuta through Healy. (Dkt. No. 17.)

Because of First American's payment of the US Bank Loan, First American is subrogated to the rights of the insureds. On July 20, 2020 First American filed its Answer and Counterclaim, responding to General Star's allegations and alleging its own claims for relief against General Star, FA Napa, Mini/Vines and Venuta. (Dkt. No. 21.)

### C. FA Napa and Venuta file related lawsuits in the Napa County Superior Court arising from the 2017 Trancas Property sale transaction.

On December 15, 2017, FA Napa filed its complaint in the Napa County Superior Court against Mini, Vines, and JP Morgan Bank, captioned *First American Title Co. of Napa v. Vines, et al.*, Case No. 17CV001419. On January 22, 2018, Venuta – through attorney Healy – filed a lawsuit in the Napa County Superior Court against FA Napa, Mini and Vines captioned *Michael Venuta dba Budget Construction v. First American Title Co. of Napa, eta al.*, Case No. 18CV000095. (RJN, Ex. A.) Venuta filed a First Amended Complaint in May 2018. (RJN, Ex. B.) Not to be left out, Mini filed a complaint against FA Napa. These "Napa Superior Court Actions" were consolidated under lead case no. 17001419, and are pending.

### D. Venuta asks the Superior Court to order First American to participate in a settlement conference.

On or about March 6, 2020, Healy, on behalf of Venuta, sent a letter to the Napa Superior Court asking the judge to order First American to participate in an April 2, 2020 settlement conference. (Mircheff Decl., ¶ 4, Ex. 1.) Healy's correspondence also advised the Court that "Mr. Venuta resides primarily in Cabo San Lucas Mexico and does not plan to be in Napa in April. *He can fully and effectively participate by telephone*." (*Id.*, italics added.)

/ / /

Rutan & Tucker, LLP
attorneys at law

793/034819-0472
15353980.3 a08/28/20

-6-

MOTION FOR LEAVE TO SERVE
COUNTERDEFENDANT VENUTA VIA
SERVICE ON ATTORNEY OF RECORD

First American did not agree with Venuta's arguments as expressed by Healy or that it was proper to make the request by a letter to the judge, but told the court and counsel that First American would agree to be available for the settlement conference by telephone conference. (*Id.*)

### E. Venuta declines to waive personal service of the summons on First American's Counterclaim.

General Star filed its Complaint in this action in May 2020. (Dkt. no. 1.) First American filed its Answer and Counterclaim on July 20, 2020, which includes a counterclaim against Venuta for unjust enrichment (i.e., the extinguishment of Venuta's personal debt through First American's payment). (Dkt. No. 21.)

On July 24, First American's counsel Damon Mircheff ("Mircheff") sent Healy correspondence and a completed form waiver of service of summons, asking Venuta to waive personal service of the summons. (Mircheff decl., ¶ 6, Ex. 2.) Healy responded on July 27, 2020 stating "I am not authorized to accept service of your client's counterclaim. Mr. Venuta is now retired and resides primarily in Mexico, where he lives with his wife, who is a Mexican citizen. Mr. Venuta has not visited the United States since the early fall of 2019."[2] (*Id.*, ¶ 7, Ex. 3.)

### F. Venuta emails directly with both Healy and counsel for General Star and First American regarding the Napa Superior Court Settlement Conference.

On July 29, 2020, Healy sent an email to Hillary Lehmann ("Lehmann"), counsel for General Star, and copied Mircheff and counsel for FA Napa and Mini/Vines. Healy requested that General Star participate in a mandatory settlement conference in the Napa Superior Court Actions. (Mircheff Decl., ¶ 9, Ex. 4.) About 30 minutes after Healy's

---

[2] In a 2013 sentencing memorandum, Venuta asserted that he was concerned for the safety of his family in Mexico, and requested that, after his release from federal custody, he be placed in a residential treatment facility in the Santa Barbara area to work and earn money to bring his family from Mexico to the United States. (RJN, Ex. F.) Nevertheless, Healy has informed the Napa Superior Court and First American's counsel that Venuta now resides primarily in Mexico with his family.

Rutan & Tucker, LLP
attorneys at law

793/034819-0472
15353980.3 a08/28/20

-7-

MOTION FOR LEAVE TO SERVE
COUNTERDEFENDANT VENUTA VIA
SERVICE ON ATTORNEY OF RECORD

email, an individual identified as "Michael Venuta <mvenuta59@yahoo.com> responded to all parties on Healy's email, stating "Nice thank you." (*Id.*, ¶ 10, Ex. 5.) This email address did not appear to be included in Mr. Healy's original email, suggesting that 'mvenuta59@yahoo.com' was blind copied on the email.

Later that day, Lehmann and Healy exchanged further emails regarding the mandatory settlement conference. General Star asserted it was not required to participate and declined the request to do so; Healy maintained it was mandatory for General Star to participate as an insurer of a party. (Mircheff decl., ¶ 11, Ex. 6.) After Healy's reply the same sender – mvenuta59@yahoo.com – replied to all stating "Therefore the word MANDATORY". (Mircheff Decl., ¶ 12, Ex. 7.) The next day, following another round of emails between counsel, "mvenuta59@yahoo.com" responded to the email chain stating "Good work Michael gettem." (Mircheff Decl., ¶ 13, Ex. 8.)

On July 31, 2020 Healy gave notice to General Star and First American that the Napa Superior Court had ordered General Star and First American to participate in the September 10, 2020 settlement conference – as Venuta had requested. (RJN. Ex. E.)

## III. FIRST AMERICAN SHOULD BE PERMITTED UNDER FRCP 4(f) TO SERVE VENUTA WITH ITS COUNTERCLAIM AND SUMMONS THROUGH SERVICE ON VENUTA'S COUNSEL HEALY.

### A. Federal Rule of Civil Procedure 4(f) empowers the court to order service on Venuta through his Napa Superior Court counsel Michael Healy.

While Venuta is not legally obligated to waive personal service of summons, Venuta declining First American's request to waive personal service of the summons where Venuta's counsel, Michael Healy, is actively representing Venuta and communicating with Venuta regularly by email in related litigation appears calculated to delay Venuta's entry into this action by taking advantage of the fact he is living in Mexico. A California resident like Venuta actively litigating in the California superior court and using his California counsel for offensive action should not be permitted to delay this Court's processes by using an international border as a shield. This is particularly true

Rutan & Tucker, LLP
attorneys at law

793/034819-0472
15353980.3 a08/28/20

-8-

MOTION FOR LEAVE TO SERVE
COUNTERDEFENDANT VENUTA VIA
SERVICE ON ATTORNEY OF RECORD

where, like here, the evidence strongly shows that service on Venuta's counsel in the related litigation is "reasonably calculated' to apprise Venuta of the pendency of the action and afford him an opportunity to present his objections. (*Rio Props. v. Rio Int'l Interlink,* 284 F.3d 1007, 1016 (9th Cir. 2002).)

FRCP 4(f) governs service of process upon individuals in foreign countries and provides three mechanisms of service:

> (1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or
>
> (2) If there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice: . . . or
>
> (3) **by other means not prohibited by international agreement, as the court orders.**

(FRCP 4(f) [emphasis added].) In other words, FRCP 4(f) permits service via the Hague Convention, a letter request, or a Court order for other means of service on an individual in a foreign country.

Here, Mexico is a signatory to the Hague Convention, i.e. an internationally-agreed means of service contemplated by FRCP 4(f)(1). (RJN. Ex. D [Mexico's Positions re Hague Conv.].) First American can thus serve Venuta either through the Hague Convention procedures that Mexico adopted, per FRCP 4(f)(1), or through Court-ordered means that are not otherwise prohibited by the Hague Convention, per FRCP 4(f)(3).

### 1. First American may seek court-ordered service via Rule 4(f)(3) without first attempting service through the Hague Convention.

Critically, First American is not required to establish that service through the Hague Convention is inappropriate or otherwise unavailable in order to request Court-ordered service. (*Rio Props.,* 284 F.3d at 1015; *Forum Fin. Group v. President & Fellows of Harvard College*, 199 F.R.D. 22, 23-24 (D. Me. 2001).) "Rule 4(f) does not denote any hierarchy or preference of one method of service over another." (*Rio Props.,* 284 F.3d at

1015.) "Service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief'. It is merely one means among several which enables service of process on an international defendant." (*Id.*) District Courts have the "sound discretion" of "determining when the particularities and necessities of a given case require alternative service of process under Rule 4(f)(3)." (*Id.* at 1016.) Therefore, this Court is empowered to order alternative means of service, provided those means are not prohibited by an international agreement.

### 2. Mexico's adoption of the Hague Convention does not prohibit service on a party's counsel in related litigation.

Article 10 of the Hague Convention identifies three alternative methods of service: service by mail (Art. 10(a)); personal service by a "judicial officer" or "other competent person" (Art. 10(b)); or personal service by "any person interested in a judicial proceeding" (Art. 10(c).) (RJN, Ex. C.) Mexico objects to each of these alternative methods of service. (RJN, Ex. D [opposition to Art. 10 service methods].). Thus, the only way for First American to personally serve Venuta with the summons in Mexico is under Article V of the Hague Convention by delivering a formal written request to Mexico's Central Authority, and allowing at least 2 to 6 months for the Central Authority to effect personal service. (RJN, Exs. C and D.)[3] In addition, Mexico does not identify other means of service to which it objects (*Id.*) Accordingly, Rule 4(f) empowers this Court to order service on Venuta's state-court counsel Healy.

### B. Court-ordered service on Venuta's counsel comports with due process and is reasonably calculated to apprise Venuta of First American's Counterclaim and give him an opportunity to respond and be heard.

To satisfy due process, the court-ordered service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and

---

[3] First American also notes that Mexico's estimate of "from 2 to 6 months approximately" (RJN, Ex. D) is under normal conditions – and the current conditions with the COVID pandemic in Mexico are not normal and instead are likely to increase the time required for service under Article 10 of the Hague Convention.

Rutan & Tucker, LLP
attorneys at law

793/034819-0472
15353980.3 a08/28/20

-10-

MOTION FOR LEAVE TO SERVE
COUNTERDEFENDANT VENUTA VIA
SERVICE ON ATTORNEY OF RECORD

afford them an opportunity to present their objections." (*Rio Props.*, 284 F.3d at 1016.) Courts have found that service on a party's counsel in related (or even unrelated) litigation satisfies due process. (*See e.g. Microsoft Corp. v. Buy More, Inc.*, 703 Fed. Appx. 476, 480 (9th Cir. 2017) [approving service on attorney where evidence indicated defendant was in recent contact with attorney]; *Rio Props*, 284 F.3d at 1016-1017 [approving service on attorney that had been consulted regarding the lawsuit]; *Forum Fin. Group, LLC*, 199 F.R.D. at 23-24 [approving service on attorney representing party in similar, but unrelated litigation]; *BP Prods. N. Am., Inc. v. Dagra*, 232 F.R.D. 263, 264-65 (E.D. Vir. 2005) [approving service on attorney representing party in separate matter].)

The Court's ruling in *Forum Fin Group, LLC* is instructive. There, the defendant, Jonathan Hay, was an American citizen residing in Russia. (*Forum Fin,* 199 F.R.D. at 22.) The plaintiff requested leave to serve Hay via certified mail on Hay's attorney ("Spiegel") in New York City who had recently accepted service on behalf of the defendant in separate litigation. (*Id.* at 23.) The Court was unpersuaded by Spiegel's argument that Hay had declined to authorize Spiegel to accept service on his behalf, finding it was appropriate to order service on Spiegel given his recent acceptance of service on Hay's behalf in another lawsuit. Finally, the Court found that due process was satisfied because such service was "reasonably calculated to give Hay notice of the case and an opportunity to be heard." (*Id.* at 26.)

The reasoning in *Forum Fin Group, LLC* is applicable here. Venuta is an American citizen residing in Mexico. Healy initiated a lawsuit on Venuta's behalf in the Napa Superior Court substantially arising out of transactions and events also at issue in the instant district court litigation. (See RJN, Exs. A and B [Venuta's Complaint and First Amended Complaint]; Dkt. No. 21 [First American Counterclaim].) Healy has been actively litigating and advocating on behalf of Venuta in the Napa Superior Court Actions, and has taken steps to require parties in this action (First American and General Star) to participate in a settlement conference in the Napa Superior Court Actions, as explained above. (Mircheff decl., ¶¶ 4, 8-11; RJN. Exs. A, B, E.) On July 30, 2020, Healy appeared

Rutan & Tucker, LLP
attorneys at law

793/034819-0472
15353980.3 a08/28/20                                -11-                     MOTION FOR LEAVE TO SERVE
COUNTERDEFENDANT VENUTA VIA
SERVICE ON ATTORNEY OF RECORD

on Venuta's behalf at a Case Management Conference in the Napa Superior Court Actions, and sought and obtained an order for General Star and First American to participate in the settlement conference. (Mircheff decl., ¶¶ 9-11, Exs. 4, 6; RJN, Ex. E.)

There is further direct evidence that service in this method is reasonably calculated to give Venuta notice of the case and an opportunity to be heard. In *Forum Fin Group, LLC*, there was a necessary inference that, because of Spiegel's representation of the defendant in another matter, service on Spiegel was reasonably calculated to give the defendant notice and an opportunity to be heard. (*Forum Fin*, 199 F.R.D. at 26.) The same situation exists here. Here, there is additional evidence that Healy is communicating by email with Venuta, and Venuta is monitoring that correspondence and often responding within the same day of receiving such emails. (Mircheff decl., ¶¶ 8-13, Exs. 5, 7, 8.)

The evidence, in short, shows that service on Healy will ensure that Venuta receives notice of this litigation and gives him a fair opportunity to be heard. (*Rio Props.*, at 1016.)

## IV. CONCLUSION.

For all of these reasons, First American respectfully requests that the Court issue an order granting First American leave to serve counter-defendant Michael Venuta with the summons and Counterclaim through service on his long-time state court counsel Michael Healy and service to the email address mvenuta59@yahoo.com.

Dated: August 28, 2020

RUTAN & TUCKER, LLP
Lisa N. Neal
Damon Mircheff
Briana F. Richmond

By:      */s/ Damon D. Mircheff*
    Damon D. Mircheff
    Attorneys for Defendant
    First American

Rutan & Tucker, LLP
attorneys at law

793/034819-0472
15353980.3 a08/28/20

-12-

MOTION FOR LEAVE TO SERVE
COUNTERDEFENDANT VENUTA VIA
SERVICE ON ATTORNEY OF RECORD