UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL STAR INDEMNITY COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY OF NAPA, et al.,<br><br>        Defendants. | Case No. 20-cv-03210-TSH<br><br>**ORDER GRANTING MOTION FOR LEAVE TO SERVE COUNTER-DEFENDANT MICHAEL VENUTA BY ALTERNATIVE MEANS**<br><br>Re: Dkt. No. 38 |

## I. INTRODUCTION

Defendant and Counterclaimant First American Title Insurance Company seeks an order pursuant to Federal Rule of Civil Procedure 4(f)(3) authorizing substituted service of process on Counter-Defendant Michael Venuta both through his counsel in a pending California Superior Court action, Michael Healy, and what it claims to be Venuta's personal email address, mvenuta59@yahoo.com. ECF No. 17. Venuta, appearing specially through Healy, opposes the motion. ECF No. 47. The Court finds this matter suitable for disposition without oral argument and **VACATES** the October 8, 2020 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' arguments and the relevant legal authority, the Court **GRANTS** First American's motion for the following reasons.

## II. BACKGROUND

Plaintiff General Star Indemnity Company brought this case against First American and Venuta, as well as First American Title Company of Napa ("First Napa"), In The Vines LLC, and Lisa Mini to determine the parties' rights and obligations under an insurance policy issued by General Star to First Napa related to the sale of property in Napa. Compl. ¶ 1, ECF No. 1. The

case is related to a case pending in Napa Superior Court brought by Venuta against First Napa, In The Vines, and Mini. *See* Req. for Judicial Notice, Exs. A & B, ECF No. 40 (Venuta's January 22, 2018 Complaint and May 7, 2018 First Amended Complaint in Case No. 18CV000095, *Venuta v. First Am. Title Co. of Napa*).[1] Michael Healy represents Venuta in the Napa case. *See id.*, Exs. A & B; Mircheff Decl. ¶¶ 4, 9, Exs. 1, 4, ECF No. 39.

On March 6, 2020, Healy, on behalf of Venuta, sent a letter to the Napa Superior Court asking the judge to order First American and General Star to participate in an April 2, 2020 settlement conference. Mircheff Decl. ¶ 4, Ex. 1. Healy's correspondence also advised the Court that "Mr. Venuta resides primarily in Cabo San Lucas Mexico and does not plan to be in Napa in April. He can fully and effectively participate by telephone." *Id.* First American responded that it would agree to be available to participate in the settlement conference by remote means. *Id.* ¶ 4. That April 2020 mandatory settlement conference was cancelled because of the COVID-19 pandemic. *Id.*

First American filed its Answer and Counterclaim in this case on July 20, 2020, asserting counterclaims against Venuta, Mini, In The Vines, and First Napa. ECF No. 21. On July 24 counsel for First American sent correspondence to Healy, asking if Venuta would waive service. Mircheff Decl. ¶ 6 & Ex. 2. Healy responded by email on July 27 stating, "I am not authorized to accept service of your client's counterclaim. Mr. Venuta is now retired and resides primarily in Mexico, where he lives with his wife, who is a Mexican citizen. Mr. Venuta has not visited the United States since the early fall of 2019." *Id.* ¶ 7 & Ex. 3.

Between July 29 and July 30, 2020, counsel for First American received a series of emails from Healy, General Star's counsel, and from the email address "mvenuta59@yahoo.com" concerning a rescheduled mandatory settlement conference in the Napa Superior Court action. *Id.* ¶ 8. Counsel has also received emails regarding the settlement conference with the following sender information: "Michael Venuta. <mvenuta59@yahoo.com>." *Id.* ¶ 9 & Exs. 5, 7, 8. Based

---

[1] As court documents already in the public record and documents filed in other courts are proper subjects of judicial notice, the Court **GRANTS** First American's request to take judicial notice of the Napa action and documents therein. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006),

on this information, First American believes Venuta is the person sending emails from the email address mvenuta59@yahoo.com. *Id.* ¶ 8.

First American filed the present motion on August 28, 2020, seeking leave to serve Venuta with its answer and counterclaim through service on Healy and by service on the mvenuta59@yahoo.com email address. First American maintains it is left with two options for service: "the costly, time-consuming process of personal service through the Hague Convention (assuming First American could obtain a good address for Venuta in Mexico)" or alternative service under Rule 4(f)(3). Mot. at 1. It argues "[t]he facts here are exactly the type of situation for which FRCP 4(f)(3) was created. Healy's long-standing representation of Venuta in the related superior court actions pending in Napa County, Venuta's use of Healy for offensive steps against First American, and evidence of Healy's lines of communications with Venuta all establish that service on Healy is reasonably calculated to apprise Venuta of First American's Counterclaim, and to afford Venuta an opportunity to respond and present his position." *Id.*

Venuta argues First American "know[s] perfectly well how to serve Venuta consistent with applicable Treaty requirements, and also that . . . Venuta resides in the city of Cabo San Lucas, Mexico," but it "has made no effort whatsoever to serve Venuta in Cabo San Lucas." Opp'n at 2. He maintains First American could serve him pursuant to Rule 4(f)(1) or (2), but it "prefers to force this Court to slog through its incredible 88 page filing." *Id.* at 2-3.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 4(f) provides several means by which a plaintiff may serve an individual "at a place not within any judicial district of the United States." Pursuant to Rule 4(f)(1), an individual may be served in a foreign country "by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Rule 4(f)(3) further provides for service "by any other means not prohibited by international agreement, as the court orders." Under Rule 4(f)(3), courts can order service through a variety of methods, "including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email," provided there is no international agreement directly to

3

the contrary. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

Rule 4(f)(3) is "neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Id.* at 1014-15 (citation omitted). A plaintiff "need not have attempted every permissible means of service of process before petitioning the court for alternative relief," but must only "demonstrate that the facts and circumstances of the present case necessitated the district court's intervention." *Id.* at 1016. Still, to comport with due process, "the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

The decision to provide an order under Rule 4(f)(3) is within the sound discretion of the district court, which must determine whether the "particularities and necessities of a given case require alternative service of process." *Id.*

## IV.   DISCUSSION

### A.   Alternative Service is Not Prohibited by International Agreement

Mexico and the United States are signatories of the Hague Convention referenced in Rule 4(f)(1). *See* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638; HCCH, Status Table (Apr. 11, 2018), available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=17. As such, the Convention provides the exclusive means by which First American can serve Venuta. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) ("[C]ompliance with the Convention is mandatory in all cases to which it applies."); *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) ( "Because service of process was attempted abroad, the validity of that service is controlled by the Hague Convention, to the extent that the Convention applies").

The primary means by which service is accomplished under the Convention is through a receiving country's "Central Authority," which the Convention requires each signatory nation to establish to act as an agent to receive a request for service and arrange for service of documents.

4

*See Brockmeyer*, 383 F.3d at 801. To effectuate service through a country's Central Authority, a party must forward the summons and complaint to the Central Authority along with a request for service that complies with the Hague Convention, and then the Central Authority must itself serve the documents or arrange to have them served by an appropriate authority. *See Hague Convention*, Arts. 2, 3, 5; *see also OGM, Inc. v. Televisa, S.A. de C.V.*, 2009 WL 1025971, at *2 (C.D. Cal. Apr. 15, 2009). "Although the Hague Convention outlines alternative methods of service, Mexico has objected to them and thus service through Mexico's Central Authority is the exclusive method by which" a party can effectuate service. *Wright v. Old Gringo Inc.*, 2018 WL 3584483, at *2 (S.D. Cal. July 26, 2018), *on reconsideration in part*, 2018 WL 3707260 (S.D. Cal. Aug. 3, 2018) (listing cases finding that service of a defendant in Mexico must be completed through Mexico's Central Authority) (internal quotations omitted).

Despite this, "numerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies." *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, 2011 WL 2607158, at *12 (N.D. Cal. July 1, 2011) (listing cases). Courts have held that "alternative service may be ordered pursuant to Rule 4(f)(3) as long as the alternative method of service is not expressly prohibited by the Convention or objected to by the receiving state." *Id.* at *13 (listing cases). Relevant here, service on U.S.-based counsel is not barred by the Hague Convention. *See, e.g., Juicero, Inc. v. Itaste Co.*, 2017 WL 3996196, at *2 (N.D. Cal. June 5, 2017) ("service on Defendants' U.S.-based attorney is permissible because the Hague Convention does not bar this type of service."); *Richmond Techs.*, 2011 WL 2607158, at *13 ("Service upon a foreign defendant's United States-based counsel is a common form of service ordered under Rule 4(f)(3)."). Nor is service by email. *See, e.g. Facebook, Inc. v. Banana Ads, LLC*, 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012); *Williams-Sonoma Inc. v. Friendfinder Inc.*, 2007 WL 1140639, at *2, *3 (N.D. Cal. Apr. 17, 2007). Accordingly, the Court finds that First American's request to serve Venuta through his U.S.-based counsel and by email is not prohibited.

**B.     Alternative Service Comports with Due Process Requirements**

Due process requires that "the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of

the action and afford them an opportunity to present their objections.'" *Rio Props.*, 284 F.3d at 1016 (quoting *Mullane*, 339 U.S. at 314).

"Courts in the Ninth Circuit have ordered service through United States-based counsel even when counsel has refused to accept service on the ground that they do not represent the international defendants." *Prods. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*, 2017 WL 1378532, at *4 (N.D. Cal. Apr. 11, 2017) (citing *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 566 (C.D. Cal. 2012)); *see also Microsoft Corp. v. Buy More, Inc.*, 703 Fed. App'x 476, 480 (9th Cir. 2017) (approving service on attorney where evidence indicated defendant was in recent contact with attorney). As explained above, Healy initiated a lawsuit on Venuta's behalf in the Napa Superior Court substantially arising out of transactions and events also at issue in the instant case. *See* Healy Decl. ¶ 1, ECF No. 47 ("I am the attorney representing Michael Venuta in a pending action in Napa County Superior Court captioned *Venuta v. First American Title Company of Napa, et al.*, Case No. 18CV000095."); Req. for Judicial Notice, Exs. A and B [Venuta's Complaint and First Amended Complaint]; Dkt. No. 21 [First American Counterclaim]). Healy has been actively litigating and advocating on behalf of Venuta in the Napa case and has taken steps to require parties in this action (First American and General Star) to participate in a settlement conference. Mircheff Decl. ¶¶ 4, 8-11; RJN. Exs. A, B, E. On July 30, 2020, Healy appeared on Venuta's behalf at a Case Management Conference in the case and sought and obtained an order for First American and General Star to participate in the settlement conference. Mircheff Decl., ¶¶ 9-11, Exs. 4, 6; Req. for Judicial Notice, Ex. E (Notice to Attend Settlement Conference). Given this attorney-client relationship, the Court is confident that service upon Healy is reasonably calculated to apprise Venuta of the pendency of the action. *See Rio Props.*, 284 F.3d at 1017 (finding service upon U.S.-based attorney was appropriate "because he had been specifically consulted by [Defendant] regarding this lawsuit," "[h]e knew of [Defendant's] legal positions and it seems clear that he was in contact with [Defendant] in Costa Rica."); *Prods. & Ventures Int'l*, 2017 WL 1378532, at *4 ("Hogan Lovells' close connection to the Foreign Defendants would render substituted service on the Foreign Defendants through Hogan Lovells as 'reasonably calculated' to provide the same with sufficient notice of the action

and an opportunity to object.").

Further, service on an individual in a foreign country via email is properly within the Court's discretion. *Rio Props.*, 284 F.3d at 1018 ("we leave it to the discretion of the district court to balance the limitations of email service against its benefits in any particular case"). Here, the record shows that Venuta has used mvenuta59@yahoo.com to communicate with Healy regarding the superior court action. As such, the Court finds service of process on Venuta by the mvenuta59@yahoo.com email address, coupled with service on Venuta's counsel, is reasonably calculated to apprise him of the pendency of the action and afford him an opportunity to respond. *See Hillbroom v. Lujan*, 2010 WL 11515374, at *2 (C.D. Cal. May 3, 2010) (permitting service of foreign individual by email where individual used the subject email address to communicate with counsel regarding the issues in the case).

Contrary to Venuta's argument, First American is not required to show that it attempted service through the Hague Convention and did not succeed, or that Venuta has evaded or is likely to evade personal service, to obtain an order under Rule 4(f)(3). In *Rio Properties*, the Ninth Circuit considered and rejected that very argument made by the foreign corporation defendant:

> [Defendant] RII argues that Rule 4(f) should be read to create a hierarchy of preferred methods of service of process. RII's interpretation would require that a party attempt service of process by those methods enumerated in Rule 4(f)(2), including by diplomatic channels and letters rogatory, before petitioning the court for alternative relief under Rule 4(f)(3). We find no support for RII's position. No such requirement is found in the Rule's text, implied by its structure, or even hinted at in the advisory committee notes.

284 F.3d at 1014-15. The Ninth Circuit further explained that the text and construction of Rule 4(f) established that the other methods of service on a foreign defendant under Rule 4(f) were not preferred over the method stated in Rule 4(f)(3), and there was no requirement to first attempt service by those other methods: "By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1)4 or Rule 4(f)(2)." *Id.* at 1015. The Ninth Circuit concluded:

> Thus, examining the language and structure of Rule 4(f) and the accompanying advisory committee notes, we are left with the inevitable conclusion that service of process under Rule 4(f)(3) is

> neither a "last resort" nor "extraordinary relief." [Citation] It is merely one means among several which enables service of process on an international defendant.

*Id.* Thus, First American need not show Venuta has evaded service attempts by other means. *Id.* at 1014-16.

Further, Venuta does not dispute that the only method for service on him in Mexico through the Hague Convention is personal service by Mexican authorities following a formal request to Mexico's Central Authority. Nor does he address First American's argument that the process for personal service by request to Mexico's Central Authority can take up to six months even under normal (non-pandemic) conditions. *See* Mot. at 3; Mircheff Decl. ¶ 15. Given that Venuta is actively directing the prosecution of claims in the related Napa case through Healy, and using Healy to compel First American and General Star (who are parties in this case but not the Napa case) to participate in a settlement conference in the Napa case, the Court finds no reason to delay the progress of this action at the expense of all parties by forcing personal service through the Hague Convention. First American has presented ample evidence that service on Healy and by email is reasonably calculated to apprise Venuta of First American's counterclaim and afford him an opportunity to respond.[2]

Finally, in his opposition, Venuta attempts to raise substantive defenses to First American's claims, arguing he received none of the insurance funds at issue and "[a]lso troublesome is First American's wish to pursue its counter-claim in this action when its claims are largely duplicative of the parties' claims in the Napa Superior Court litigation, which has been ongoing since late 2017." Opp'n at 2. Those defenses are not properly before the Court on this motion because Venuta is not yet before the Court. However, the fact that Healy has knowledge of at least some of Venuta's asserted substantive defenses in this action and already is asserting Venuta's defenses does provide further support that service on Healy is reasonably calculated to apprise Venuta of First American's counterclaim and to afford Venuta an opportunity to present

---

[2] Indeed, Healy specially appeared for Venuta to oppose First American's motion, which is further evidence of his continuing representation of Venuta as to claims and issues relevant to those in this case.

8

his defenses. *See Rio Props.*, 284 F.3d at 1017 (service upon U.S.-based counsel "was also appropriate because he had been specifically consulted by RII regarding this lawsuit. He knew of RII's legal positions, and it seems clear that he was in contact with RII in Costa Rica. Accordingly, service to [counsel] was also reasonably calculated in these circumstances to apprise RII of the pendency of the present action.").

## V. CONCLUSION

In sum, the Court finds the facts weigh in favor of allowing First American Title Insurance Company to serve Counter-Defendant Michael Venuta through his U.S.-based attorney and through his email address. Accordingly, the Court in its discretion **GRANTS** First American's motion for substitute service. First American is authorized to utilize substituted service of process on Counter-Defendant Michael Venuta through his U.S.-based counsel, Michael Healy. First American is further authorized to utilize substituted service of process on Venuta through the email address mvenuta59@yahoo.com, return receipt requested. Any return of service must include proof that First American has attempted, at a minimum, to verify actual receipt of the email message.

The Case Management Conference is **CONTINUED** to November 19, 2020 at 10:00 a.m. All related deadlines are adjusted accordingly.

**IT IS SO ORDERED.**

Dated: September 25, 2020

THOMAS S. HIXSON
United States Magistrate Judge