UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL STAR INDEMNITY COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY OF NAPA, et al.,<br><br>    Defendants. | Case No. 20-cv-03210-TSH<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL WITH CONDITIONS; ORDER SCHEDULING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 72 |

## I. INTRODUCTION

Graden Tapley, of O'Brien Watters & Davis, LLP ("OWD") moves for leave to withdraw as counsel for Defendants Lisa Mini and In The Vines, LLC. ECF No. 72. No opposition has been filed. The Court finds this matter suitable for disposition without oral argument and **VACATES** the April 1, 2021 hearing. *See* Civ. L.R. 7-1(b). Having considered the record in this case and relevant legal authority, the Court **GRANTS** the motion for the following reasons.

## II. BACKGROUND

Plaintiff General Star Indemnity Company brings this case against First American Title Insurance Company, First American Title Company of Napa, Michael Venuta, Lisa Mini, and In The Vines, LLC to determine the parties' rights and obligations under an insurance policy issued by General Star related to the sale of real property. Compl. ¶ 1, ECF No. 1. Fact discovery is set to close on June 18, 2021, and the trial is calendared for March 28, 2022. ECF No. 64.

On February 19, 2019, Mini executed a Legal Services Agreement ("LSA"), on behalf of herself and In The Vines, with OWD in connection with a lawsuit filed against them by First

1  American in the Napa County Superior Court.  Tapley Decl. ¶ 4, ECF No. 73.  On July 31, 2020,
2  the LSA was updated to include this case.  *Id.*

3        OWD filed the present motion on February 11, 2021, stating that Mini has not met her
4  financial obligations under the LSA and their attorney-client relationship has deteriorated to such a
5  degree that it is unreasonably difficult for OWD to effectively carry out its representation.  *Id.* ¶¶
6  5-6.  OWD notified Mini and In The Vines, both by email and USPS certified mail, that if it is
7  permitted to withdraw, Mini may appear pro se or retain new counsel but In The Vines, as a
8  corporate entity, may only appear through legal counsel.  *Id.* ¶ 7.  Except for initial disclosures, the
9  only discovery that has been conducted are requests for document production to Mini and In The
10 Vines.  *Id.* ¶ 8.

### III.  LEGAL STANDARD

12       The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record if:
13 (1) written notice has been given reasonably in advance to the client and all other parties in the
14 action; and (2) the attorney obtains leave of Court.  Civ. L.R. 11-5(a).  The conduct of counsel,
15 including seeking leave to withdraw from a case, is governed by the standards of professional
16 conduct required of members of the State Bar of California.  Civ. L.R. 11-4(a)(1); *see Nehad v.*
17 *Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to
18 attorney withdrawal).

19       "Courts consider several factors when considering a motion for withdrawal, including: (1)
20 the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to
21 other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4)
22 the extent to which withdrawal will delay resolution of the case."  *Atkins v. Bank of Am., N.A.*,
23 2015 WL 4150744, at *1 (N.D. Cal. July 9, 2015) (citing *Deal v. Countrywide Home Loans*, 2010
24 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010)).  "When addressing a motion to withdraw, the
25 consent of the client is not dispositive."  *Robinson v. Delgado*, 2010 WL 3259384, at *2 (N.D.
26 Cal. Aug. 18, 2010) (citing *CE Res., Inc. v. Magellan Grp., LLC*, 2009 WL 3367489, at *2 (E.D.
27 Cal. Oct.14, 2009)).  Instead, the decision to permit counsel to withdraw is within the sound
28 discretion of the trial court.  *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).

1    Before withdrawal is permitted, counsel must comply with California Rule of Professional
2    Conduct 1.16(d), which provides that withdrawal is not permitted until the member has taken steps
3    to avoid reasonably foreseeable prejudice to the rights of the client, including giving sufficient
4    notice to the client to allow time for employment of other counsel, complying with Rule 1.16(e)
5    (regarding the return of all client materials and property), and complying with all other applicable
6    laws and rules.  *El Hage v. U.S. Sec. Assocs., Inc.*, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10,
7    2007).  Further, "[w]hen withdrawal by an attorney from an action is not accompanied by
8    simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to
9    withdraw may be subject to the condition that papers may continue to be served on counsel for
10   forwarding purposes . . . unless and until the client appears by other counsel or pro se."  Civ. L.R.
11   11-5(b).

## IV.   DISCUSSION

OWD seeks to withdraw pursuant to California Rule of Professional Conduct 1.16(b)(5), which permits withdrawal if "the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation."  Here, the record shows that Mini has failed to meet her financial obligations under the LSA.  A client's failure to pay legal fees constitutes good cause to permit an attorney's withdrawal.  *Kannan v. Apple Inc.*, 2020 WL 75942, at *2 (N.D. Cal. Jan. 7, 2020); *St. Matthews Baptist Church of Livermore, Inc. v. Found. Cap. Res., Inc.*, 2015 WL 527669, at *2 (N.D. Cal. Feb. 6, 2015); *see also* Cal. R. Prof'l Conduct 1.16(b)(5) (permitting an attorney to withdraw if the client materially breaches a term of a fee agreement).

In addition, the Court finds OWD has complied with the requirements of Civil Local Rule 11-5(a) and the California Rules of Professional Conduct because it provided reasonable advance notice to Mini and In The Vines of its intention to withdraw as counsel of record and provided adequate time to obtain substitute counsel.  Based on this record, the Court finds good cause exists to permit OWD's withdrawal.

However, as a corporate entity, In The Vines must retain new counsel in order to defend

1  itself in this action. *See* Civ. L.R. 3-9(b); *Rowland v. Cal. Men's Colony, Unit II Men's Advisory
2  Council*, 506 U.S. 194, 202 (1993); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d
3  972, 973-74 (9th Cir. 2004). Failure to file substitution of counsel could result in the entry of
4  default judgment against it. *See Emp. Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998
5  (9th Cir. 2007) (affirming entry of default judgment where corporate defendant failed to obtain
6  substitute counsel); *United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir.
7  1993) (same).

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** O'Brien Watters & Davis, LLP's motion to withdraw as counsel. However, because Mini and In The Vines have not consented to the withdrawal and no substitution of counsel has been filed on their behalf, the motion is granted on the condition that all papers from the Court and from the other parties in this case shall continue to be served on OWD for forwarding purposes until a substitution of counsel is filed. *See* Civ. L.R. 11-5(b). For all such documents, OWD shall e-file proof of service.

Although In The Vines is required to retain new counsel, Mini may choose to represent herself. If so, the Court directs her attention to the Handbook for Litigants Without a Lawyer, which is available at the Clerk's Office or online at http://cand.uscourts.gov/prosehandbk. Mini may also wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at http://cand.uscourts.gov/helpcentersf.

The Court shall conduct a further case management conference with all parties on May 20, 2021 at 10:00 a.m. by Zoom video conference. The webinar link and instructions are located at https://cand.uscourts.gov/judges/hixson-thomas-s-tsh/. This conference shall be attended by lead trial counsel. Parties who are not represented by counsel must appear personally. By May 13, 2021, the parties shall file a joint case management statement containing the information in the Standing Order for All Judges in the Northern District of California, available at: http://cand.uscourts.gov/tshorders. The Joint Case Management Statement form may be obtained

4

at: http://cand.uscourts.gov/civilforms.  As part of their joint statement, the parties shall indicate whether it would be beneficial to refer this matter to court-sponsored mediation or to another magistrate judge for a settlement conference.

**IT IS SO ORDERED.**

Dated: March 17, 2021

THOMAS S. HIXSON
United States Magistrate Judge